T.C. Memo. 1997-220

UNITED STATES TAX COURT

OLIVER FAMILY FOUNDATION, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8346-96X.                    Filed May 8, 1997.

William J. Tully (an officer), for petitioner.

<u>Kirk M. Paxson</u> and <u>Irene S. Carroll</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Petitioner, pursuant to section 7428,[1] asks for a declaratory judgment that it is entitled to an exemption from Federal income taxes under section 501(c)(3).  Respondent filed a motion to dismiss for lack of jurisdiction upon the

_____

[1]  All section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

ground that the petition for declaratory judgment was not filed by a person authorized to institute suit on behalf of petitioner.

The sole issue for decision is whether Dr. William J. Tully (Dr. Tully) was a person authorized to institute suit on behalf of petitioner.

FINDINGS OF FACT

A hearing was held on respondent's motion to dismiss for lack of jurisdiction. At that hearing, the parties presented witnesses, submitted exhibits, and argued the motion. Subsequent to the hearing, both parties submitted briefs.

On February 1, 1996, respondent issued a final adverse determination as to the exempt status under section 501(c)(3) of the Oliver Family Foundation (petitioner or the foundation). On May 2, 1996, Dr. Tully, purporting to act on behalf of petitioner, timely filed a petition for declaratory judgment (petition).[2] Dr. Tully signed the petition as vice president of the foundation.

At the time the petition was filed, petitioner's principal place of business was in Borrego Springs, California. Petitioner was formed with the intent to provide a professorship and several scholarships to Oberlin College. Dr. William Shelby Oliver (Dr. Oliver) was the president and a director of the foundation when it was formed. Dr. Oliver hired Dr. Tully to

---

[2] The petition was incorrectly entitled "Petition for Redetermination of Deficiency".

organize and to acquire exempt organization status for petitioner. Dr. Oliver paid Dr. Tully $10,000 for this service. On December 14, 1993, Dr. Tully filed petitioner's articles of incorporation (articles) with the State of Nevada's secretary of state. Petitioner was established as a Nevada nonprofit corporation. Dr. Tully was one of the original five directors of petitioner. For each of the years 1994 through 1996, petitioner filed required documents with the Nevada secretary of state listing its directors and officers. On each of the documents, Dr. Tully signed as petitioner's vice president.

Dr. Tully filed the necessary forms seeking to obtain section 501(c)(3) exempt organization status for petitioner. The Internal Revenue Service (IRS) did not grant petitioner's request for exempt organization status.

As petitioner failed to receive exempt organization status, Dr. Oliver asked Dr. Tully to return his $10,000 fee. As payment, Dr. Oliver received a note from Dr. Tully in the amount of $10,000. To secure the note, Dr. Tully also executed a grant deed in favor of Dr. Oliver for a house in Michigan.

When the foundation was originally formed, each of the directors prepared and signed undated resignation letters that were kept with the corporate books. In October 1995, Dr. Oliver dated Dr. Tully's resignation letter October 13, 1995, and forwarded it to the IRS. Also in October 1995, Dr. Tully sent

the foundation his conditional letter of resignation as a director of the foundation.

On December 15, 1995, petitioner's board of directors voted to transfer ownership of petitioner to Dr. Tully.

OPINION

Respondent, pursuant to Rule 53, has moved to dismiss this case for lack of jurisdiction on the ground that the petition for declaratory judgment was filed by a person not authorized to institute suit on behalf of petitioner. Respondent contends the following: On May 2, 1996, Dr. Tully filed a petition on behalf of petitioner and signed the petition as its vice president; Dr. Tully had resigned from the board of directors and as a trustee of petitioner as of October 13, 1995; and, therefore, Dr. Tully is not authorized to institute suit on behalf of petitioner.

Petitioner answers the following: Dr. Tully has been an officer and director of petitioner at all times since its inception; in October 1995, Dr. Tully offered to resign from his position as a director of petitioner if petitioner was approved as a tax-exempt organization by the IRS; Dr. Tully submitted a conditional letter of resignation to petitioner's board of directors but never resigned; on or about December 15, 1995, all rights in petitioner were transferred to Dr. Tully; and, therefore, Dr. Tully is a proper person to bring this action. The burden of proof is upon petitioner to establish that it meets the jurisdictional requirements of section 7428. Rule 217(c);

<u>American New Covenant Church v. Commissioner</u>, 74 T.C. 293, 304 (1980).

We must decide whether this Court has jurisdiction to make a determination with respect to petitioner's status. Section 7428(a) confers jurisdiction on this Court to "make a declaration" with respect to the "initial qualification" of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a). Subsection (b) of section 7428 provides certain limitations on our jurisdiction for declaratory judgments relating to section 501(c)(3) status, as follows:

> SEC. 7428(b). Limitations.--
>
> (1) Petitioner.--A pleading may be filed under this section only by the organization the qualification or classification of which is at issue.

Thus, under section 7428(b), this Court's jurisdiction is limited to actions filed by the organization, the qualification or classification of which is at issue. Petitioner in this case, the Oliver Family Foundation, is the appropriate petitioner. However, if as respondent contends, Dr. Tully was not authorized to file a petition on behalf of petitioner, section 7428(b)(1) and Rules 60(a)(2) and 210(b)(11) would require this Court to dismiss the instant case.

The record indicates that at the time the instant petition was filed, Dr. Tully was the vice president of petitioner. For each year petitioner was in existence, Nevada law required a list

of directors and officers to be filed with the Nevada secretary of state; these lists were signed by Dr. Tully as vice president every year that they were filed, which included the year in which the petition for this case was filed. The purported resignation letters of Dr. Tully, if valid, involved his position only as a director and not as an officer. The evidence shows that at the time he signed the instant petition Dr. Tully was an authorized officer of petitioner. Therefore, we find that Dr. Tully was a person authorized to institute suit on behalf of petitioner. See Rule 24(b).

To reflect the foregoing,

<u>An order denying respondent's motion will be issued</u>.